ORIGINAL

In the United States Court of Federal Claims

FILED
JUN 2 2006
U.S. COURT OF
FEDERAL CLAIMS

Kathleen M. Schrader
1440 Abbey Lane
Huntington Maryland

V. Civil Action No. 06-384 C

United States of America

ORIGINAL

Amended Complaint

(Count One)

Violation of the Equal Pay Act

The plaintiff alleges against the defendant as follows;

1) At all times herein the plaintiff is a female employee of the defendant agency as a GS 12/8 Broadcast technician in the Video Tape Branch, Technical Operations Directorate, Office of WorldNet Television and Film Services of the defendant. She has been employed with the agency for twelve years. The defendant is the director of the Agency. The jurisdiction of the Court is invoked pursuant to the the Equal pay Act, 29 U.S.C. 206. The venue is proper in the District of Columbia as the plaintiff was employed in the District of Columbia.

2) The plaintiff contends that commencing in the early 1990's she has been the subject of a continuing pattern of employment discrimination based upon her gender, Specifically she alleges the following:

a) She originally received an "outstanding"rating from her supervisor, Mr. Robert Bryan

that was lowered by the reviewing official, Mr. Richard Cadwell, to "satisfactory."

b) She was treated less favorably than male coworkers with regard to within step awards, i.e., Quality Step Increases(QSI's). At least three male counterparts, William Thomas, Michael Yarmas and Scott Black received such awards between 1990 and 1997 for special achievements, which were no greater than hers.

c) She learned the "Avid, "the advanced computer editing system on a six-month period on 1993 on her free time and was chosen in 1994 to be on the team using "Avid" exclusively. Nevertheless, she was not given a within grade step award for her special achievement. Mack Muir received an impact promotion for learning "Avid, "which he learned on the job, while she learned it on her own time.

d)The plaintiff alleges that Jack Slomnicki was chosen as lead technician in February 1998.while the editing work that she was doing with the "Avid" media composer would have justified similar recognition for her.

e)In October 1998,Richard Maniscalso and Jack Slomnicki were selected by John Lennon and Michael Rosenbloom, a contractor, for a special detail to edit a new program entitled "This week" for which they later received "Tech of the Year" awards. She should have been selected ahead of Maniscalco who was less experienced than her.

f) She has been paid less than Mr. Maniscalco in violation of the Equal Pay Act, although they perform exactly the same work.

g) In 2000 Messrs. Slomnicki and Maniscalco received a cash award for their performance and the plaintiff was denied the same honor because of her gender. She was excluded from a VOA detail and she was as qualified for participation but it was never offered to her because of her gender.

3)The plaintiff filed a timely formal complaint with the EEO office of the defendant agency and on October 16,2000 the agency dismissed her complaint and issued a "right to sue"letter. This lawsuit is timely.

4) As the direct result of the acts of employment discrimination based upon gender herein above alleged, the plaintiff was injured. She has been denied the full terms and conditions of employment and has been the victim of adverse employment decisions because of her gender. She has suffered financially and has been denied equality in the workplace because of her gender. She suffered emotional distress, anxiety, and humiliation because of the acts of employment discrimination directed toward her because of her gender.

5) At all times herein the acts of employment discrimination were undertaken by the agents and employees of the defendant agency who were working on behalf of their employer and in the scope of their employment.

6) The plaintiff seeks the following damages from the defendant agency;

a) Full back pay and equal pay that she is entitled to under the terms and conditions of Title VII of the Civil Rights Act of 1964 as amended and the Equal pay Act.

b) promotion to the positions that she is entitled to

c) a ban on any retaliatory conduct

d) attorney's fees and Court costs,

e) Compensatory damages as provided by statute, i.e., Title VII and the Equal Pay Act.

f) Any additional relief the Court deems appropriate.

Trial by Jury demanded on all issues.

Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington.D.C. 20008
(202) 296-8485
Fax(202) 296-9375