IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KATHLEEN M. SCHRADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-00384C |
| v. | ) | (Judge Christine O.C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

TODD M. HUGHES
Assistant Director

ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 305-3020
Fax: (202) 307-0972

OF COUNSEL:

ELIZABETH A. PARISH
Assistant General Counsel
Broadcasting Board of Governors
330 Independence Avenue, S.W.
Washington, D.C. 20237
Tel: (202) 203-4579
Fax: (202) 203-4585

October 2, 2006

Attorneys for Defendant

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Statement Of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I. Legal Standard Pursuant to RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . 7

II. Pursuant to 28 U.S.C. § 1500, Ms. Schrader's Title VII Claims, Filed Simultaneously In The United States District Court For The District Of Columbia, Divest This Court Of Jurisdiction . . . . . . . . . . . . . . . . 8

A. Pursuant To 28 U.S.C. § 1631, Ms. Schrader's Title VII Claims In The District Court And Her Equal Pay Act Claim In This Court Were Pending At The Same Time . . . . . . . . . . . . . . . . . . 9

B. Ms. Schrader's Equal Pay Act Claim Arises From The Exact Same Facts And Seeks The Same Relief As Her Claims Before The District Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

III. Ms. Schrader's Complaint Is Barred By The Doctrine Of Res Judicata . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IV. This Court Does Not Possess Jurisdiction Over Those Portions of Ms. Schrader's Equal Pay Act Claim Which Were Not Timely Filed, And Over Those Portions Of The Complaint Seeking Relief Pursuant To Title VII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## Cases

Page

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ammex, Inc. v. United States,
334 F.3d 1052 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

Bailey v. United States,
46 Fed. Cl. 187 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bernard v. United States,
59 Fed. Cl. 497 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Beverly v. United States,
24 Cl. Ct. 197 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18

Bazemore v. Friday,
478 U.S. 385 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19-20

Brown Park Estates-Fairfield Development Co. v. United States,
127 F.3d 1449 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

De Leon v. United States,
69 Fed. Cl. 336 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9, 12

Elkins v. United States,
229 Ct. Cl. 607 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Harbuck v. United States,
58 Fed. Cl. 266 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8, 11

Harbuck v. United States,
378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9-13, 15

Page

Herrmann v. Cencom Cable Associates, Inc.,
999 F.2d 223 (7th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Jet, Inc. v. Sewage Aeration Systems,
223 F.3d 1360 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Johns-Manville Corp. v. United States,
855 F.2d 1556 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Keene Corp. v. United States,
508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 12

Lawlor v. National Screen Service Corp.,
349 U.S. 322 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Lewis v. United States,
32 Fed. Cl. 59 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Loveladies Harbor, Inc. v. United States,
27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 12-13

McCarthy v. Noren,
370 F.2d 845 (9th Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Montana v. United States,
440 U.S. 147 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

National R.R. Passenger Corp. v. Morgan,
536 U.S. 101 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Ness Investment Corp. v. United States,
219 Ct. Cl. 440, 595 F.2d 585 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Page

Rocovich v. United States,
933 F.2d 991 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Spodek v. United States,
170 F.3d 1084 (Fed. Cl. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sunshine Anthracite Coal Co. v. Adkins,
310 U.S. 381 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. County of Cook,
170 F.3d 1084 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-12

UNR Industries, Inc. v. United States,
962 F.2d 1013 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15

Vaziburd v. United States,
46 Fed. Cl. 309 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Weber v. United States,
71 Fed. Cl. 717 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19-20

Williams v. United States,
216 Ct. Cl. 449 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Statutes

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 6, 8-15, 18

28 U.S.C. § 1631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-12

29 U.S.C. § 201 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Page

29 U.S.C. § 206 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

42 U.S.C. § 2000e et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KATHLEEN M. SCHRADER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-00384C<br>(Judge Christine O.C. Miller) |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. As we establish below, the Court lacks subject matter jurisdiction over plaintiff's Equal Pay Act claim pursuant to 28 U.S.C. § 1500. Further, plaintiff's claim is barred by the doctrine of res judicata. In the alternative, we respectfully request that the Court dismiss those portions of plaintiff's Equal Pay Act claim which accrued prior to November 21, 1997 as barred by the statute of limitations and dismiss those portions of the complaint that seek relief pursuant to Title VII of the Civil Rights Act of 1964 for lack of subject matter jurisdiction. In support of this motion, we rely upon the complaint, the following memorandum of law, and the attached appendix.

## ISSUES PRESENTED

1. Whether this Court, pursuant to 28 U.S.C. § 1500, lacks jurisdiction over plaintiff's Equal Pay Act claim where her Title VII claims based upon the exact same facts and seeking the same relief were filed simultaneously in the United States District Court for the District of Columbia.

2. Whether plaintiff's complaint is barred by the doctrine of res judicata.

3. Whether those portions of plaintiff's Equal Pay Act claim which accrued prior to November 21, 1997 are barred by the statue of limitations.

4. Whether this Court lacks jurisdiction over those portions of plaintiff's claims brought pursuant to Title VII.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiff, Kathleen M. Schrader, brings this action pursuant to the Equal Pay Act, 29 U.S.C. § 206(d), originally filed in the United States District Court for the District of Columbia. Ms. Schrader claims that she was discriminated against upon the basis of sex while employed by the Broadcasting Board of Governors ("BBG") as a broadcast technician in the Office of WorldNet Television and Film Services. Compl. ¶ 1.

## II. Statement Of Facts[1]

On November 21, 2000, Ms. Schrader filed a complaint against Marc B. Nathanson, Chairman of the BBG,[2] in the United States District Court for the District of Columbia. A 1-4.[3] Ms. Schrader alleged, as her jurisdictional basis, violations of Title VII, 42 U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 201 et seq. Id.

In her complaint before the district court, Ms. Schrader alleged that she "has been the subject of a continuing pattern of employment discrimination based upon her gender." A 1. More specifically, Ms. Shrader alleged that: 1) she received a performance evaluation rating that was changed from "outstanding" to "satisfactory;" 2) she did not receive the same Quality Step Increases ("QSIs") her male coworkers received between1990 and 1997; 3) she was not given a "within grade award" after learning on her own time how to use a computer editing system called Avid, although her male counterpart, who learned how to use Avid at work,

---

[1] For the purposes of this motion only, we assume that the facts stated in the complaint are true. Should Ms. Schrader's complaint survive this motion to dismiss, we reserve the right to contest the facts alleged in the complaint.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Kenneth Tomlinson was substituted as the named defendant after becoming Chairman of the BBG. See A 12 n.1.

[3] "A__" refers to the appendix attached to this motion to dismiss.

did receive an award; 4) her male coworker, Jack Slomnicki, was chosen as a lead technician in February 1998, and Ms. Schrader was performing work that "would have justified similar recognition for her;" 5) two male coworkers were selected in October 1998 to edit a new program, work for which they later received an award, even though Ms. Schrader had more experience than one of the males; 6) she was paid less than one of her male coworkers, Mr. Maniscalco; 7) she was denied the same cash award that two of her male coworkers received "because of her gender;" and 8) she was excluded from a Voice of America detail "because of her gender." A 2-3. In her prayer for relief, Ms. Schrader asked for back pay, equal pay, and compensatory damages pursuant to Title VII and the Equal Pay Act; a promotion; an order banning the BBG from taking any retaliatory action against her; and attorney's fees and court costs. A 3.

On February 6, 2002, the defendant, Chairman Nathanson, filed a motion to dismiss, or in the alternative, motion for summary judgment. A 8-9. On March 30, 2004, the United States District Court for the District of Columbia granted defendant's motion to dismiss Ms. Schrader's Equal Pay Act claim, finding that "jurisdiction lies solely in the Court of Federal Claims," A 19, and granted defendant's motion for summary judgment as to Ms. Schrader's Title VII claims, A 17. On April 6, 2004, Ms. Schrader filed a motion to vacate the court's

judgment, which was denied on February 9, 2005. A 5-6. On June 13, 2005, the court granted a request by Ms. Schrader to transfer her Equal Pay Act claim to the United States Court of Federal Claims. A 5.

On April 17, 2006, Ms. Schrader's Equal Pay Act claim was transferred to the Court of Federal Claims. A 5. On June 2, 2006, Ms. Schrader filed an amended complaint in this Court, alleging the exact same facts contained in her 2000 district court complaint. Compare Compl. ¶ 1-5 with A 1-4. Ms. Schrader's complaint before this Court is virtually identical to the complaint filed in district court.[4] Ms. Schrader alleges that she "has been the subject of a continuing pattern of employment discrimination based upon her gender," Compl. ¶ 2, and sets forth the same eight examples of discriminatory conduct contained in her district court complaint and described above. Ms. Schrader's prayer for relief before this Court also is identical to the prayer for relief before the district court. Compare Compl. ¶ 6 with A 3. Ms. Schrader seeks back pay, equal pay, and compensatory damages pursuant to Title VII and the Equal Pay Act; a promotion; an order banning the

[4] A side by side comparison of the two complaints reveals only two differences: 1) the title of Count One has been changed from "Employment Discrimination" to "Violation of the Equal Pay Act," and 2) Title VII has been removed from the list of applicable jurisdictional statutes. Compare Compl. at 1 with A 1. The remainder of the two complaints are identical, including even the statement that "venue is proper in the District of Columbia." Compare Compl. ¶ 1 with A 1.

BBG from taking any retaliatory action against her; and attorney's fees and court costs. Compl. ¶ 6.

SUMMARY OF ARGUMENT

Pursuant to 28 U.S.C. § 1500, this Court lacks jurisdiction over this action. Ms. Schrader filed her Equal Pay Act claim at the same time as her Title VII claims in district court. Although her district court claims are no longer pending, 28 U.S.C. § 1500 analysis applies at the time of filing, and at the time of filing, the Title VII claims were pending in district court. Because her complaint in district court and her complaint in this Court arise from the exact same facts and seek the same relief, the district court claims, filed simultaneously with Ms. Schrader's Equal Pay Act claim, divest this Court of jurisdiction.

Ms. Schrader's Title VII claims in district court involved the same parties and the same transactional facts as the present case. Indeed, the complaints, with just two exceptions, are identical. Because there was a final judgment on the merits in the District of Columbia, plaintiff's complaint in this Court is also barred by the doctrine of res judicata.

In the alternative, those portions of Ms. Schrader's Equal Pay Act claim which accrued prior to November 21, 1997 should be dismissed because they were not timely filed within the applicable three-year statute of limitations. Further,

those portions of Ms. Schrader's complaint which seek relief pursuant to Title VII plainly fall outside the scope of this Court's subject matter jurisdiction, and similarly should be dismissed.

ARGUMENT

**I. Legal Standard Pursuant To RCFC 12(b)(1)**

The plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). If the undisputed facts reveal any possible basis upon which the non-moving party might prevail, the Court must deny the motion. Id. If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the Court may consider relevant evidence in order to resolve the factual dispute. Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003) aff'd, 378 F.3d 1324 (Fed. Cir. 2004) (citing Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991); Lewis v. United States, 32 Fed. Cl. 59, 62 (1994)).

## II. Pursuant to 28 U.S.C. § 1500, Ms. Schrader's Title VII Claims, Filed Simultaneously In The United States District Court For The District Of Columbia, Divest This Court Of Jurisdiction

Ms. Schrader filed her Equal Pay Act and Title VII claims simultaneously in the United States District Court for the District of Columbia in November 2000. Although her district court Title VII claims no longer are pending, because the Title VII and Equal Pay Act claims were filed simultaneously, this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1500.

This Court possesses jurisdiction to entertain suits founded upon the Equal Pay Act, 29 U.S.C. § 206, pursuant to the Tucker Act, 28 U.S.C. § 1491. Harbuck, 58 Fed. Cl. at 267. The subject matter jurisdiction of this Court, however, is narrowed by 28 U.S.C. § 1500, which creates an exception to the general Tucker Act jurisdiction. De Leon v. United States, 69 Fed. Cl. 336, 339-40 (2005); Harbuck, 58 Fed. Cl. at 268. Section 1500 of Title 28 of the United States Code provides that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500; see also Keene Corp. v. United States, 508 U.S. 200 (1993); Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc). The policies underlying § 1500 are to "force plaintiffs to choose between pursuing

their claims in the Court of [Federal] Claims or in another court," Harbuck v. United States, 378 F.3d 1324, 1328 (Fed. Cir. 2004), and to "protect the United States from having to defend two lawsuits over the same matter simultaneously," Spodek v. United States, 170 F.3d 1084, 1090-91 (Fed. Cl. 1999) (citations omitted). See also Bailey v. United States, 46 Fed. Cl. 187, 193 (2000) ("[T]he purpose of section 1500 is to prohibit the filing and prosecution of the same claims against the United States at the same time.").

In determining whether § 1500 bars jurisdiction over a claim, this Court must conduct a two-prong inquiry to determine: "(1) whether a claim in this court is pending at the same time as a claim in another court, and (2) whether the claims are essentially the 'same claims' because [they] arise out of the same operative facts and seek the same relief." De Leon, 69 Fed. Cl. at 339 (citing Harbuck, 378 F.3d at 1328-29).

### A. Pursuant To 28 U.S.C. § 1631, Ms. Schrader's Title VII Claims In The District Court And Her Equal Pay Act Claim In This Court Were Pending At The Same Time

Pursuant to the transfer statute, 28 U.S.C. § 1631,

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ., and the

> action . . . shall proceed as if it had been filed in . . . the court to which it was transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631 (quoted in United States v. County of Cook, 170 F.3d 1084, 1087 (Fed. Cir. 1999)) (emphasis added). Section 1631 was "designed to remedy the situation in which a litigant has mistakenly filed an action in a court that lacks jurisdiction." County of Cook, 170 F.3d at 1089.

In County of Cook, the court of appeals considered how claims filed simultaneously in district court, where one claim is later transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1631, affect the Court of Federal Claims' jurisdiction pursuant to 28 U.S.C. § 1500. The court determined that § 1500 analysis "'depends upon the state of things at the time of the action brought.'" Id. at 1090 (quoting Keene Corp. v. United States, 508 U.S. 200, 207 (1993)). The court held "that the 'filing' of the same claim simultaneously in district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." Id. at 1091. See also Harbuck, 378 F.3d at 1328 ("The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed. . . ." (quoting Loveladies Harbor, 27 F.3d at 1548)).

The facts of Ms. Schrader's case are remarkably similar to those in Harbuck v. United States, 58 Fed. Cl. 266 (2003), which was affirmed by the Court of Appeals for the Federal Circuit. In that case, on February 27, 2001, the plaintiff filed a complaint against the Government in district court alleging an Equal Pay Act violation as well as Title VII claims. Id. at 267. Plaintiff moved to transfer the Equal Pay Act claim to the Court of Federal Claims and that motion was granted. Id. Plaintiff filed an amended complaint in this Court on December 18, 2002, alleging the Equal Pay Act violation. Id. Plaintiff's Title VII claims remained with the district court, and on June 19, 2003, the district court rendered judgment, granting defendant's motion for summary judgment. Id. The Government moved to dismiss plaintiff's Equal Pay Act claim for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500. Id. This Court granted the Government's motion to dismiss, finding that although final judgment had been rendered upon the claims in district court, the relevant date for § 1500 purposes "is not today but plaintiff's date of filing." Id. at 268 (citing UNR Industries, Inc. v. United States, 962 F.2d 1013, 1021 (Fed. Cir. 1992) (en banc)). This Court cited County of Cook for the proposition that the filing of plaintiff's Title VII claims and Equal Pay Act claim at the same time by operation of 28 U.S.C. § 1631, deprived the Court of Federal Claims of jurisdiction pursuant to 28 U.S.C. § 1500. Id. at 269 (citing County of

Cook, 170 F.3d at 1091). This Court also noted that "[w]here claims are filed simultaneously . . . '§ 1500 requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit.'" Id. at 268 (quoting Keene Corp., 508 U.S. at 210).

Likewise, Ms. Schrader's Equal Pay Act claim before this Court, which was transferred pursuant to 28 U.S.C. § 1631, is deemed filed at the same time as her Title VII claims in district court–November 21, 2000. Even though her Title VII claims no longer are pending before the district court, the timing for § 1500 analysis is the time of filing. See Keene Corp., 508 U.S. at 207. Thus, Ms. Schrader's Title VII claims, filed simultaneously in district court with her Equal Pay Act claim, were "pending" within the meaning of 28 U.S.C. § 1500 when this case was filed. See De Leon, 69 Fed. Cl. at 340.

**B. Ms. Schrader's Equal Pay Act Claim Arises From The Exact Same Facts And Seeks The Same Relief As Her Claims Before The District Court**

Under the second prong of the § 1500 analysis, this Court must determine whether Ms. Schrader's Title VII and Equal Pay Act claims arise out of the same operative facts and seek the same relief." De Leon, 69 Fed. Cl. at 339-41; see Harbuck, 378 F.3d at 1328; Loveladies Habor, 27 F.3d at 1551. "'Claims are the same where they arise from the same operative facts even if the operative facts

support different legal theories which cannot all be brought in one court.'" Loveladies Harbor, 27 F.3d at 1550 (quoting Johns-Manville Corp. v. United States, 855 F.2d 1556, 1567 (Fed. Cir. 1988)). The court of appeals has noted that the reason for this rule is that "'section 1500 was enacted for the benefit of the government and was intended to force an election where both forums could grant the same relief, arising from the same operative facts.'" Id. (quoting Johns-Manville, 855 F.2d at 1564). "[I]t is 'operative facts' and not legal theories by which claims may be distinguished under § 1500 when the same relief–money damages–is sought." Harbuck, 378 F.3d at 1329 (citing Loveladies Harbor, 27 F.3d at 1549). Accordingly, for the Court of Federal Claims to be precluded from hearing a claim because the same claim is pending in another court, the claim pending in another court must arise from the same operative facts, and must seek the same relief. Id. at 1328 (citing Loveladies Harbor, 27 F.3d at 1551).

A comparison of Ms. Schrader's complaint filed in district court and her complaint filed in this Court reveals that, not only do the claims arise from the same operative facts, they allege the exact same facts and seek the exact same relief. The factual allegations of both complaints are identical. Compare Compl. ¶¶ 1-5 with A 1-3. Both complaints are based upon the time period that Ms. Schrader served as the broadcast technician in the Office of WorldNet

Television and Film Services. Compare Compl. ¶ 1 with A 1. Both complaints allege, among other things, that Ms. Schrader: 1) failed to receive the same QSIs as her male coworkers; 2) failed to receive a "within grade award" for learning to use Avid, although her male coworker did receive an award; 3) was paid less than Mr. Maniscalco; and 4) was denied the same cash award that two of her male coworkers received." Compare Compl. ¶ 2 with A 2-3. A review of Ms. Schrader's complaints also makes clear that she is requesting identical relief in both cases–back pay, equal pay, and compensatory damages pursuant to Title VII and the Equal Pay Act; a promotion; an order banning the BBG from taking any retaliatory action against her; and attorney's fees and court costs. Compare Compl. ¶ 6 with A 3.

That the district court complaint is titled "Employment Discrimination," while the Court of Federal Claims complaint is titled "Violation of the Equal Pay Act," is immaterial, as Ms. Schrader seeks the same relief for the same alleged violations in both complaints. "The Federal Circuit has made it clear that a party cannot separate the same operative facts into two different theories which seek the same relief . . . even if it is uncertain which legal theory fits." Vaziburd v. United States, 46 Fed. Cl. 309, 311 (2000). It is well-settled that the purpose of 28 U.S.C. § 1500 is to prevent the United States from having to litigate and defend against

the same claim in two courts. Harbuck, 378 F.3d at 1328 (citing UNR Industries, 962 F.2d at 1018.) Because Ms. Schrader's claims in both courts are based upon the exact same facts and were filed simultaneously, and because she seeks the same relief in both courts, § 1500 divests this Court of jurisdiction. By bringing her claim in this Court, Ms. Schrader hopes to pursue, in two courts, different legal theories based upon the exact same facts and seeking the same remedy. Section 1500 prohibits jurisdiction in such a case.

## III. Ms. Schrader's Complaint Is Barred By The Doctrine Of Res Judicata

In the event this Court finds that 28 U.S.C. § 1500 does not divest it of jurisdiction, in the alternative, Ms. Schrader's complaint before this Court is barred by the doctrine of res judicata.

"'[U]nder the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based upon the same cause of action.'" Beverly v. United States, 24 Cl. Ct. 197, 200 (1991) (quoting Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 326 (1955)). Also known as claim preclusion, res judicata ensures finality within the judicial system. It is a doctrine that precludes parties from contesting matters that they have had a full and fair opportunity to litigate, "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters

reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. (citing Montana v. United States, 440 U.S. 147, 153-54 (1979)).

To establish the applicability of res judicata, the Federal Circuit requires that the "party asserting the bar prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the [claim at issue] is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003). The Ammex test is satisfied here.

First, in the district court action, the BBG Chairman, Marc B. Nathanson, was named as the defendant. A 1. He was sued in his official capacity. Id. In Ms. Schrader's complaint before this Court, Chairman Nathanson was again named as the defendant, and sued in his official capacity. See Compl. ¶ 1 ("The defendant is the director of the Agency."). The United States was substituted as the proper defendant in this Court. Bernard v. United States, 59 Fed. Cl. 497, 501 (2004). In the context of res judicata, the United States is in privity with its authorized officials. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) (holding that res judicata applies between representatives of the same government who possess "authority to represent its interests in a final adjudication"). As such, the first prong of the Ammex test is satisfied.

Ms. Schrader's Title VII action in the District of Columbia also satisfies the second Ammex requirement—an underlying judgment on the merits. The district court possessed jurisdiction to entertain Ms. Schrader's Title VII claims, and rendered a judgment upon the merits by granting the Government's motion for summary judgment. A 8-18. Ms. Schrader had an opportunity to respond to the Government's motion for summary judgment, and did so. A 8.

Third, in defining whether claims arise from the same transaction, the Federal Circuit has explained that courts have defined "transaction" in terms such as "'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same, factual allegations.'" Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1363 (Fed. Cir. 2000) (quoting Herrmann v. Cencom Cable Assocs., Inc., 999 F.2d 223, 226 (7th Cir. 1993)). As demonstrated above, Ms. Schrader's complaints before this Court and the district court are based upon the same factual allegations. Accordingly, all three prongs of the Ammex test are satisfied.

Even if Ms. Schrader were to argue in response that her claims before this Court and the district court are based upon different legal theories, and that res judicata should not apply to her complaint before this Court because the district court did not possess jurisdiction to entertain her Equal Pay Act claim, "the

assertion of different legal theories in a second suit will not defeat application of res judicata." Ness Investment Corp. v. United States, 219 Ct. Cl. 440, 595 F.2d 585, 586 n.6 (1979) (citing McCarthy v. Noren, 370 F.2d 845, 847 (9th Cir. 1966), cert. denied, 387 U.S. 917 (1967)). See also Beverly, 24 Cl. Ct. at 200-01. Furthermore, "the mere fact that Congress decided to lodge jurisdiction over such claims in different courts does not necessarily mean that they are separate claims to the extent of overcoming an allegation of res judicata." Beverly, 24 Cl. Ct. at 201 (finding that plaintiffs' taking claim was barred by res judicata because plaintiffs had already litigated a trespass claim under the Federal Tort Claims Act in district court).

Although Ms. Schrader may disagree with the district court's resolution of her Title VII claims, she is not entitled to a "second bite at the apple" in this Court. Her complaint alleging violations of the Equal Pay Act is barred by the doctrine of res judicata.

## IV. This Court Does Not Possess Jurisdiction Over Those Portions of Ms. Schrader's Equal Pay Act Claim Which Were Not Timely Filed, And Over Those Portions Of The Complaint Seeking Relief Pursuant To Title VII

In the event this Court finds that 28 U.S.C. § 1500 does not divest it of jurisdiction, and that Ms. Schrader's complaint is not barred by the doctrine of res judicata, in the alternative, Ms. Schrader's complaint still should be dismissed, in

part, because 1) portions of the Equal Pay Act claim were not timely filed, and 2) those portions of the complaint seeking relief pursuant to Title VII do not fall within this Court's jurisdiction.

First, those portions of Ms. Schrader's Equal Pay Act claim which accrued prior to November 21, 1997 were not timely filed. Pursuant to the Equal Pay Act, "this court may exercise subject matter jurisdiction over claims filed 'within two years after the cause of action accrued,'" except where violation of the Act was willful, in which case "a cause of action may be commenced within three years after the cause of action accrued." Weber v. United States, 71 Fed. Cl. 717, 721 (2006) (quoting 29 U.S.C. § 255(a)). "A claim first accrues within the meaning of the statute of limitations 'when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.'" Id. (quoting Brown Park Estates-Fairfield Dev. Co. v. United States, 127 F.3d 1449, 1455 (Fed. Cir. 1997)). For purposes of statutes of limitations, employment discrimination claims are divided into two categories: "continuous claims that were actionable only insofar as they involved events that occurred within the statute of limitations period and cumulative claims that could encompass events prior to that period." Id. (citing National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002); Bazemore v. Friday, 478 U.S. 385 (1986) (per curiam)). In an Equal Pay Act claim

such as Ms. Schrader's, "each instance of discriminatory pay . . . is a discrete act and therefore embodies a separate cause of action for purposes of the statute of limitations." Id. at 726. In other words, because Ms. Schrader contends that each and every paycheck she received during the periods encompassed by her claim allegedly was lower than it otherwise should have been because of gender discrimination, each and every paycheck is separately subject to the statute of limitations.

Ms. Schrader alleges that "[s]he has been paid less than Mr. Maniscalco in violation of the Equal Pay Act, although they perform exactly the same work." Compl. ¶ 2(f). She does not specify the time period during which this alleged violation occurred, although paragraph 2 of the complaint indicates it may have begun "in the early 1990's." The remaining allegations suggest that Ms. Schrader avers this to be a willful violation of the Equal Pay Act, which would allow her to take advantage of the three-year, rather than the two-year, statute of limitations. Weber, 71 Fed. Cl. at 721. Ms. Schrader filed her complaint at the district court on November 21, 2000. Thus, the statute of limitations bars Ms. Schrader's Equal Pay Act claim with respect to any paycheck she received prior to November 21, 1997.

Second, to the extent that Ms. Schrader's amended complaint continues to allege facts in support of and seek relief pursuant to Title VII, it should be dismissed. See Compl. ¶ 6. It has long been held that the Court of Federal Claims does not possess jurisdiction over claims arising under the Civil Rights Act of 1964. See Elkins v. United States, 229 Ct. Cl. 607, 608 (1981); Williams v. United States, 216 Ct. Cl. 449, 450 (1978).

CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.[5]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Todd M. Hughes
TODD M. HUGHES
Assistant Director

[5] In the event the Court denies our motion to dismiss the complaint, we respectfully request 30 days to file a response.

s/Allison Kidd-Miller
ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 305-3020
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:
ELIZABETH A. PARISH
Assistant General Counsel
Broadcasting Board of Governors
330 Independence Avenue, S.W.
Washington, D.C. 20237
Tel: (202) 203-4579
Fax: (202) 203-4585

October 2, 2006

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 2nd day of October, 2006, a copy of the foregoing "Defendant's Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Allison Kidd-Miller