# INDEX TO APPENDIX

Description

Page

Complaint filed on November 21, 2000 in United States District Court for the District of Columbia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Civil Docket for Case No. 1:00CV02804 in the United States District Court for the District of Columbia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Memorandum Opinion dated March 30, 2004 from the United States District Court for the District of Columbia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Order dated March 30, 2004 from the United States District Court for the District of Columbia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

United States District Court
For the District of Columbia

Kathleen M. Schrader
1440 Abbey Lane
Huntington Maryland

CASE NUMBER 1:00CV02804

JUDGE: Royce C. Lamberth

V. Civil

DECK TYPE: EEOC

Marc B. Nathanson, Chairman
Broadcasting Board of Governors

DATE STAMP: 11/21/2000

Complaint

Employment Discrimination

(Count One)

The plaintiff alleges against the defendant as follows;

1) At all times herein the plaintiff is a female employee of the defendant agency as a GS 12/8 Broadcast technician in the Video Tape Branch, Technical Operations Directorate, Office of WorldNet Television and Film Services of the defendant. She has been employed with the agency for twelve years. The defendant is the director of the Agency. The jurisdiction of the Court is invoked pursuant to 42 U.S.C. 2000(e) et.seq. The Civil Rights Act of 1964 as amended and the Equal pay Act, 29 U.S.C. 206. The venue is proper in the District of Columbia as the plaintiff was employed in the District of Columbia.

2) The plaintiff contends that commencing in the early 1990's she has been the subject of a continuing pattern of employment discrimination based upon her gender, Specifically she alleges the following:

a) She originally received an "outstanding"rating from her supervisor, Mr. Robert Bryan that was lowered by the reviewing official, Mr. Richard Cadwell, to "satisfactory."

b) She was treated less favorably than male coworkers with regard to within step awards, i.e., Quality Step Increases(QSI's). At least three male counterparts, William Thomas, Michael Yarmas and Scott Black received such awards between 1990 and 1997 for special achievements, which were no greater than hers.

c) She learned the "Avid, "the advanced computer editing system on a six-month period on 1993 on her free time and was chosen in 1994 to be on the team using "Avid" exclusively. Nevertheless, she was not given a within grade step award for her special achievement. Mack Muir received an impact promotion for learning "Avid, "which he learned on the job, while she learned it on her own time.

d)The plaintiff alleges that Jack Slomnicki was chosen as lead technician in February 1998.while the editing work that she was doing with the "Avid" media composer would have justified similar recognition for her.

e)In October 1998,Richard Maniscalso and Jack Slomnicki were selected by John Lennon and Michael Rosenbloom, a contractor, for a special detail to edit a new program entitled "This week" for which they later received "Tech of the Year" awards. She should have been selected ahead of Maniscalco who was less experienced than her.

f) She has been paid less than Mr. Maniscalco in violation of the Equal Pay Act, although they perform exactly the same work.

g) In 2000 Messrs. Slomnicki and Maniscalco received a cash award for their performance and the plaintiff was denied the same honor because of her gender. She was excluded from a VOA



2

detail and she was as qualified for participation but it was never offered to her because of her gender.

3)The plaintiff filed a timely formal complaint with the EEO office of the defendant agency and on October 16,2000 the agency dismissed her complaint and issued a "right to sue"letter. This lawsuit is timely.

4) As the direct result of the acts of employment discrimination based upon gender herein above alleged, the plaintiff was injured. She has been denied the full terms and conditions of employment and has been the victim of adverse employment decisions because of her gender. She has suffered financially and has been denied equality in the workplace because of her gender. She suffered emotional distress, anxiety, and humiliation because of the acts of employment discrimination directed toward her because of her gender.

5) At all times herein the acts of employment discrimination were undertaken by the agents and employees of the defendant agency who were working on behalf of their employer and in the scope of their employment.

6) The plaintiff seeks the following damages from the defendant agency;

a) Full back pay and equal pay that she is entitled to under the terms and conditions of Title VII of the Civil Rights Act of 1964 as amended and the Equal pay Act.

b) promotion to the positions that she is entitled to

c) a ban on any retaliatory conduct

d) attorney's fees and Court costs,

e) Compensatory damages as provided by statute, i.e., Title VII and the Equal Pay Act.

f) Any additional relief the Court deems appropriate.



3

Trial by Jury demanded on all issues.

Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington.D.C. 20008
(202) 296-8485
Fax(202) 296-9375



4

**1:00-cv-02804-RBW** SCHRADER v. NATHANSON
Reggie B. Walton, presiding
**Date filed:** 11/21/2000
**Date terminated:** 03/30/2004 **Date of last filing:** 05/15/2006

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| -- | *Filed & Entered:* | 05/15/2006 | Notice (Other) |
| | *Docket Text:* NOTICE of case number in United States Court of Federal Claims (COFC) CIVIL DOCKET FOR CASE #: 1:06-cv-00384-CCM (jeb, ) | | |
| -- | *Filed:*<br>*Entered:* | 04/20/2006<br>04/24/2006 | Receipt for Transfer Papers |
| | *Docket Text:* Receipt on 4/19/2006 of Transfer Papers and Additional Documents issued by U.S. Court of Federal Claims. (lc, ) | | |
| -- | *Filed & Entered:* | 04/18/2006 | Additional Attachment |
| | *Docket Text:* ADDITIONAL DOCUMENTS-Original Documents #29 RESPONSE by plaintiff KATHLEEN M. SCHRADER in opposition to motion for summary judgment [21-2] by MARC B. NATHANSON and exhibits (5) and#21 MOTION filed by federal defendant MARC B. NATHANSON to dismiss complaint [1-1], or, in the alternative, for summary judgment ; exhibits (A-K)- transmitted to U.S.Court of Claims, which were inadvertently not included in the original transfer of 4/17/06.(jeb, ) | | |
| -- | *Filed:*<br>*Entered:* | 04/17/2006<br>04/18/2006 | Case Transferred Out - District |
| | *Docket Text:* Case transferred to U. S. Court of Claims. Conformed file (original filed not located) with some original documents, certified copy of transfer order, and docket sheet sent. (jeb, ) | | |
| 50 | *Filed & Entered:* | 01/23/2006 | Order Transfering Case |
| | *Docket Text:* ORDER TRANSFERRING CASE to the U.S. Court of Federal Claims. Signed by Judge Reggie B. Walton on 1/23/06. (jeb, ) | | |
| -- | *Filed & Entered:* | 06/13/2005 | Order |
| | *Docket Text:* MINUTE ORDER granting [D.E. #43] plaintiff's request to transfer case to United States Court of Federal Claims. Signed by Judge Reggie B. Walton on 6/13/05. (lcrbw1, ) | | |
| 49 | *Filed & Entered:* | 03/08/2005 | Notice of Appearance |
| | *Docket Text:* NOTICE of Appearance by Diane M. Sullivan on behalf of MARC B. NATHANSON (Sullivan, Diane) | | |
| 48 | *Filed & Entered:* | 02/09/2005 | Order on Motion to Vacate |
| | *Docket Text:* ORDER denying [45] Motion to Vacate. Signed by Judge Reggie B. Walton on 2/9/05. (lcrbw1, ) | | |

| | | |
|---|---|---|
| 47 | *Filed & Entered:* 04/20/2004 | Memorandum in Opposition |
| | *Docket Text:* Memorandum in opposition to motion re [45] *Motion to Vacate Judgment* filed by MARC B. NATHANSON. (Attachments: # (1) # (2))(Barsoomian, Lisa) | |
| 46 | *Filed & Entered:* 04/09/2004 | *Description not available* |
| | *Docket Text:* RESPONSE to [42] *order of the court 3/30/04* by KATHLEEN M. SCHRADER. (Rosen, Sol) | |
| -- | *Filed & Entered:* 04/07/2004 | Notice (Other) |
| | *Docket Text:* DOCUMENT NO. re [44] Notice has been Entered In Error and counsel will refile as a response to court's order. (td, ) | |
| 44 | *Filed & Entered:* 04/06/2004 | Notice (Other) |
| | *Docket Text:* ENTERED IN ERROR. . . .NOTICE by KATHLEEN M. SCHRADER *of acceptance of transfer of case* (Rosen, Sol) Modified on 4/7/2004 (td, ). | |
| 45 | *Filed & Entered:* 04/06/2004<br>*Terminated:* 02/09/2005 | Motion to Vacate |
| | *Docket Text:* MOTION to Vacate *judgment* by KATHLEEN M. SCHRADER. (Attachments: # (1))(Rosen, Sol) | |
| 42 | *Filed & Entered:* 03/30/2004 | Order on Motion to Dismiss |
| | *Docket Text:* ORDER granting [21] Motion to Dismiss, granting [21] Motion for Summary Judgment. Signed by Judge Reggie B. Walton on March 30, 2004. (lcrbw3, ) | |
| 43 | *Filed & Entered:* 03/30/2004 | Memorandum & Opinion |
| | *Docket Text:* MEMORANDUM OPINION regarding defendant's motion to dismiss, motion for summary judgment.Signed by Judge Reggie B. Walton on March 30, 2004. (lcrbw3, ) | |
| 41 | *Filed:* 03/12/2003<br>*Entered:* 04/03/2003 | Attorney Appointed |
| | *Docket Text:* SUBSTITUTION OF COUNSEL for federal defendant MARC B. NATHANSON , substituting Lisa Barsoomian for Michael C. Johnson (bm) | |
| 40 | *Filed:* 03/11/2003<br>*Entered:* 03/12/2003 | Attorney Appointed |
| | *Docket Text:* SUBSTITUTION OF COUNSEL for federal defendant MARC B. NATHANSON , substituting Lisa Barsoomian for attorney Michael C. Johnson for MARC B. NATHANSON (nmr) | |
| 39 | *Filed:* 07/16/2002<br>*Entered:* 07/30/2002 | Notice (Other) |
| | *Docket Text:* CITATION TO SUPPLEMENTAL AUTHORITY by federal defendant MARC B. NATHANSON in support of defendant's motion to dismiss, or, in the alternative, for summary judgment (aet) | |
| 38 | *Filed:* 04/19/2002<br>*Entered:* 04/23/2002 | Attorney Appearance |
| | *Docket Text:* ATTORNEY APPEARANCE for federal defendant MARC B. NATHANSON by Michael C. Johnson (aet) | |

| | | | |
|---|---|---|---|
| 36 | *Filed:* 04/18/2002<br>*Entered:* 04/22/2002 | | Reply to opposition to Motion |
| | *Docket Text:* REPLY by federal defendant MARC B. NATHANSON to response in opposition to motion to dismiss complaint [1-1] [21-1] by MARC B. NATHANSON, motion for summary judgment [21-2] by MARC B. NATHANSON (aet) | | |
| 37 | *Filed:* 04/18/2002<br>*Entered:* 04/22/2002 | | Response to any document |
| | *Docket Text:* RESPONSE by federal defendant MARC B. NATHANSON to counter statement of facts in dispute filed with opposition to response [29-1] by KATHLEEN M. SCHRADER (aet) | | |
| 33 | *Filed:* 04/17/2002<br>*Entered:* 04/19/2002 | | Order |
| | *Docket Text:* ORDER by Judge Reggie B. Walton: granting defendant's motion for extension of time to 4/18/02 to file defendant's reply to plaintiff's opposition to defendant's motion for summary judgment (N) (kmk) | | |
| 34 | *Filed:* 04/15/2002<br>*Entered:* 04/22/2002<br>*Terminated:* 03/31/2003 | | Motion for Extension of Time to File |
| | *Docket Text:* MOTION (SECOND UNOPPOSED) filed by federal defendant MARC B. NATHANSON to extend time to 4/18/02 to file reply to plaintiff's opposition to defendant's motion for summary judgment (aet) | | |
| -- | *Filed & Entered:* 04/03/2002 | | Status Conference |
| | *Docket Text:* STATUS HEARING before Judge Reggie B. Walton: granted motion to extend time to 4/15/02 to file reply to plaintiff's opposition to defendant's motion for summary judgment [30-1] by MARC B. NATHANSON; reply to motion for summary judgment due by 4/15/02; granting defendants' motion for leave to file amended answer to complaint; status call set for 7/15/02 at 9:15. Reporter: Phyllis Merana (pob) Modified on 04/03/2002 | | |
| 31 | *Filed & Entered:* 04/03/2002 | | Order |
| | *Docket Text:* ORDER by Judge Reggie B. Walton: granting motion to extend time to 4/15/02 to file reply to plaintiff's opposition to defendant's motion for summary judgment by MARC B. NATHANSON; reply to motion for summary judgment due by 4/15/02 (N) (pob) | | |
| 32 | *Filed & Entered:* 04/03/2002 | | Order |
| | *Docket Text:* ORDER by Judge Reggie B. Walton: status hearing set for 9:15 7/15/02 (N) (pob) | | |
| 35 | *Filed:* 04/03/2002<br>*Entered:* 04/22/2002 | | Answer to Complaint |
| | *Docket Text:* AMENDED ANSWER [1-1] filed by federal defendant MARC B. NATHANSON (aet) | | |
| | *Filed:* 03/28/2002<br>*Entered:* 04/02/2002 | | Motion for Extension of Time to File |

| | | | |
|---|---|---|---|
| 30 | *Terminated:* | 04/03/2002 | |
| | *Docket Text:* MOTION filed by federal defendant MARC B. NATHANSON to extend time to 4/15/02 to file reply to plaintiff's opposition to defendant's motion for summary judgment (aet) | | |
| 28 | *Filed:*<br>*Entered:* | 03/27/2002<br>03/29/2002 | Memorandum |
| | *Docket Text:* MEMORANDUM by plaintiff KATHLEEN M. SCHRADER, federal defendant MARC B. NATHANSON; re: April 03, 2002 status conference (jf) | | |
| 29 | *Filed:*<br>*Entered:* | 03/25/2002<br>03/29/2002 | Memorandum in Opposition |
| | *Docket Text:* RESPONSE by plaintiff KATHLEEN M. SCHRADER in opposition to motion for summary judgment [21-2] by MARC B. NATHANSON . exhibits (5) (aet) | | |
| 26 | *Filed & Entered:* | 03/06/2002 | Order |
| | *Docket Text:* ORDER by Judge Reggie B. Walton: granting joint motion to continue the 3/8/02 status conference [25-1] by MARC B. NATHANSON, KATHLEEN M. SCHRADER; status hearing set for 9:45 4/3/02 (N) (pob) | | |
| 27 | *Filed & Entered:* | 03/06/2002 | Order |
| | *Docket Text:* ORDER by Judge Reggie B. Walton: granting joint motion to continue the date by which the parties are to file their joint statement to the court [24-1] by MARC B. NATHANSON, KATHLEEN M. SCHRADER; joint report shall be due 7 days prior to the date of the newly scheduled status hering. (N) (pob) | | |
| 24 | *Filed:*<br>*Entered:*<br>*Terminated:* | 03/01/2002<br>03/05/2002<br>03/06/2002 | Motion to Continue |
| | *Docket Text:* JOINT MOTION by plaintiff KATHLEEN M. SCHRADER, federal defendant MARC B. NATHANSON to continue the date by which the parties are to file their joint statement to the court (nmr) | | |
| 25 | *Filed:*<br>*Entered:*<br>*Terminated:* | 03/01/2002<br>03/05/2002<br>03/06/2002 | Motion to Continue |
| | *Docket Text:* JOINT MOTION by plaintiff KATHLEEN M. SCHRADER, federal defendant MARC B. NATHANSON to continue the 3/8/02 status conference (nmr) | | |
| 23 | *Filed & Entered:* | 02/26/2002 | Order |
| | *Docket Text:* ORDER by Judge Reggie B. Walton : granting motion to extend time to 3/25/02 to respond to defendant's motion for summary judgment. [22-1] by KATHLEEN M. SCHRADER response to motion for summary judgment due 3/25/02 (N) (jwd) | | |
| 22 | *Filed:*<br>*Entered:*<br>*Terminated:* | 02/19/2002<br>02/26/2002<br>02/26/2002 | Motion for Extension of Time to File |
| | *Docket Text:* MOTION filed by plaintiff KATHLEEN M. SCHRADER to extend time to 3/25/02 to respond to defendant's motion for summary judgment. (jwd) | | |
| | *Filed:* | 02/06/2002 | Motion to Dismiss |

| | | |
|---|---|---|
| 21 | *Entered:* 02/12/2002<br>*Terminated:* 03/30/2004 | |
| | *Docket Text:* MOTION filed by federal defendant MARC B. NATHANSON to dismiss complaint [1-1] , or, in the alternative, for summary judgment ; exhibits (A-K) (aet) | |
| 20 | *Filed & Entered:* 02/04/2002 | Order |
| | *Docket Text:* ORDER by Judge Reggie B. Walton: status hearing set for 9:15 3/8/02 (N) (pob) | |
| 18 | *Filed:* 12/13/2001<br>*Entered:* 12/14/2001 | Order |
| | *Docket Text:* ORDER by Judge Reggie B. Walton: granting motion to extend time to 12/13/01 to reply to plaintiff's opposition to defendant's motion for leave to file amended answer [17-1] by MARC B. NATHANSON (N) (pob) | |
| 19 | *Filed:* 12/13/2001<br>*Entered:* 12/14/2001 | Reply to opposition to Motion |
| | *Docket Text:* REPLY by federal defendant MARC B. NATHANSON to response in opposition to motion for leave to file amended answer to complaint [13-1] by MARC B. NATHANSON (nmr) | |
| 15 | *Filed & Entered:* 12/06/2001 | Order |
| | *Docket Text:* ORDER by Judge Reggie B. Walton: granting motion to extend time ten business days, until after this Court rules on plaintiff's motion for leave to take limited discovery, to file a motion for summary judgment [12-1] by MARC B. NATHANSON discovery closes 12/21/01 ; dispositive motions due by 2/6/02; response to dispositive motions due by 3/8/02; reply to dispositive motions due by 3/22/02; granting motion to extend time to complete discovery [11-1] by KATHLEEN M. SCHRADER; Discovery now closes 12/21/01 (N) (pob) | |
| 17 | *Filed:* 12/06/2001<br>*Entered:* 12/07/2001<br>*Terminated:* 12/13/2001 | Motion for Extension of Time to File |
| | *Docket Text:* MOTION filed by federal defendant MARC B. NATHANSON to extend time to 12/13/01 to reply to plaintiff's opposition to defendant's motion for leave to file amended answer (nmr) | |
| 16 | *Filed:* 12/05/2001<br>*Entered:* 12/06/2001 | Civil Statement |
| | *Docket Text:* STATEMENT filed by federal defendant MARC B. NATHANSON, regarding: mail service at U.S. Attorney's Office. (nmr) | |
| 14 | *Filed:* 11/26/2001<br>*Entered:* 11/27/2001 | Memorandum in Opposition |
| | *Docket Text:* RESPONSE by plaintiff KATHLEEN M. SCHRADER in opposition to motion for leave to file amended answer to complaint [13-1] by MARC B. NATHANSON . (cdw) | |
| | *Filed:* 11/16/2001<br>*Entered:* 11/19/2001 | Motion for Extension of Time to File |

| | | |
|---|---|---|
| 12 | *Terminated:* 12/06/2001 | |
| | *Docket Text:* MOTION filed by federal defendant MARC B. NATHANSON to extend time ten business days, until after this Court rules on plaintiff's motion for leave to take limited discovery, to file a motion for summary judgment (bm) | |
| 13 | *Filed:* 11/16/2001<br>*Entered:* 11/19/2001<br>*Terminated:* 05/01/2002 | Motion for Leave to File |
| | *Docket Text:* MOTION filed by federal defendant MARC B. NATHANSON for leave to file amended answer to complaint EXHIBIT (AMENDED ANSWER TO COMPLAINT) (bm) | |
| 11 | *Filed:* 11/14/2001<br>*Entered:* 11/16/2001<br>*Terminated:* 12/06/2001 | Motion for Extension of Time to Complete Discovery |
| | *Docket Text:* MOTION filed by plaintiff KATHLEEN M. SCHRADER to extend time to complete discovery (jf) | |
| -- | *Filed:* 11/06/2001<br>*Entered:* 11/08/2001 | Case Assigned/Reassigned |
| | *Docket Text:* CASE REASSIGNED from Judge Royce C. Lamberth to Judge Reggie B. Walton (tth) | |
| 10 | *Filed:* 08/13/2001<br>*Entered:* 08/14/2001 | Order |
| | *Docket Text:* ORDER by Judge Royce C. Lamberth: granting motion to extend time to 11/21/01 of the cut-off date to file a dispositive motion in this case [9-1] by MARC B. NATHANSON discovery closes 10/26/01; dispositive motions due by 11/21/01; response to dispositive motions due by 12/21/01; reply to dispositive motions due by 1/8/02;, granting motion to extend time to 10/26/01 to conduct limited discovery [8-1] by MARC B. NATHANSON; all other aspects of the Court's 5/7/01 Order shall remain in full force and effect. (N) (dam) | |
| 8 | *Filed:* 07/25/2001<br>*Entered:* 07/30/2001<br>*Terminated:* 08/13/2001 | Motion for Extension of Time to File |
| | *Docket Text:* MOTION (UNOPPOSED) filed by federal defendant MARC B. NATHANSON to extend time to 10/26/01 to conduct limited discovery (cas) | |
| 9 | *Filed:* 07/25/2001<br>*Entered:* 07/30/2001<br>*Terminated:* 08/13/2001 | Motion for Extension of Time to File |
| | *Docket Text:* MOTION (UNOPPOSED) filed by federal defendant MARC B. NATHANSON to extend time to 11/21/01 of the cut-off date to file a dispositive motion in this case (cas) | |
| 7 | *Filed:* 05/07/2001<br>*Entered:* 05/08/2001 | Order |
| | *Docket Text:* SCHEDULING ORDER by Judge Royce C. Lamberth discovery closes 8/27/01 ; dispositive motions due 9/26/01 ; response to dispositive motions due 10/26/01 ; | |

| | | | |
|---|---|---|---|
| | reply to dispositive motions due 11/9/01 ; (N) (jf) | | |
| 6 | *Filed:*<br>*Entered:* | 03/20/2001<br>03/21/2001 | Meet and Confer Statement |
| | *Docket Text:* MEET AND CONFER STATEMENT/REPORT PURSUANT TO L.R. 16 filed by federal defendant MARC B. NATHANSON . (tb) | | |
| 5 | *Filed:*<br>*Entered:* | 03/01/2001<br>03/02/2001 | Order |
| | *Docket Text:* ORDER directing parties to meet and confer within 15 days and file report 10 days thereafter by Judge Royce C. Lamberth : (N) (lin) | | |
| 4 | *Filed:*<br>*Entered:* | 02/16/2001<br>02/20/2001 | Answer to Complaint |
| | *Docket Text:* ANSWER TO COMPLAINT [1-1] by federal defendant MARC B. NATHANSON . (jdm) | | |
| 3 | *Filed & Entered:* | 01/31/2001 | Order |
| | *Docket Text:* ORDER by Judge Royce C. Lamberth : granting motion to extend time to February 21, 2001 to answer complaint [1-1] [2-1] by MARC B. NATHANSON (N) (lin) | | |
| 2 | *Filed:*<br>*Entered:*<br>*Terminated:* | 01/22/2001<br>01/23/2001<br>01/31/2001 | Motion for Extension of Time to File Answer |
| | *Docket Text:* MOTION filed by federal defendant MARC B. NATHANSON to extend time to February 21, 2001 to answer complaint [1-1] (jdm) | | |
| -- | *Filed:*<br>*Entered:* | 11/21/2000<br>12/05/2000 | Summons Issued as to AUSA |
| | *Docket Text:* SUMMONS (3) issued to federal party(s) federal defendant MARC B. NATHANSON , and non-parties: U.S. Attorney and U.S. Attorney General. (tth) | | |
| 1 | *Filed:*<br>*Entered:* | 11/21/2000<br>11/24/2000 | Complaint |
| | *Docket Text:* COMPLAINT filed by plaintiff KATHLEEN M. SCHRADER; jury demand (jeb) | | |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KATHLEEN M. SCHRADER,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH Y. TOMLINSON[1], Chairman, Broadcasting Board of Governors,<br><br>Defendant. | ) | **Civil Action No. 00-2804 (RBW)** |

**MEMORANDUM OPINION**

The plaintiff in this lawsuit alleges that she has been treated less favorably than her male co-workers in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (2000), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (2000) ("EPA"). Currently before the Court is the defendant's motion to dismiss, or in the alternative, for summary judgment ("Def.'s Mot."). The Court concludes that this motion must be granted for the reasons set forth below.

**I. Factual Background**

Plaintiff, Kathleen Schrader, is employed by the defendant "as a GS 12-8 Broadcast technician in the Video Tape Branch, Technical Operations Directorate, Office of WorldNet Television and Film Services . . . ." Plaintiff's Complaint, filed November

[1]Pursuant to Fed. R. Civ. P. 25(d), Mr. Tomlinson has been substituted as the named defendant in this action.

21, 2000 ("Compl.") ¶ 1. She has brought this suit against the Chairman of the Broadcasting Board of Governors ("BBG"), which "is the federal entity that oversees the International Broadcasting Bureau ("IBB"), [and] is comprised of Worldnet Television and Film Service ("Wordlnet"), Voice of America ("VOA"), and the Office of Cuba Broadcasting ("OCB")." Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem.") at 2. Plaintiff alleges that she has been the victim of the defendant's "continuing pattern of employment discrimination based upon her gender . . . ." Id. ¶ 2.

Plaintiff's allegations of discrimination consist of the following: (1) she received a performance evaluation rating that was changed from "outstanding" to "satisfactory"; (2) she did not receive Quality Step Increases ("QSIs") despite the fact that three of her male counterparts received such awards between 1990 and 1997; (3) she was not given a "within grade award" for learning an "advanced computer edition system . . ." called Avid in 1993, despite the fact that she learned the system on her free time, and was chosen in 1994 to be on a team exclusively using Avid; (4) her male coworker, Jack Slomnicki, was chosen to be a lead technician in February 1998, although the work she was performing "would have justified similar recognition . . .";(5) two males were selected for a special detail to edit a new

program called "This Week" even though one of them had less experience than her and they later received "Tech of the Year" awards for this program; (6) she has been paid less than her male coworker, Richard Maniscalco; (7) Slomnicki and Maniscalco received cash awards that plaintiff did not receive because of her gender; and (8) she was excluded from a VOA detail for which she was qualified. Compl. ¶ 2(a)-(g). As a result of these events, plaintiff seeks full back pay and equal pay; promotion to a GS-13 position; a ban on retaliatory conduct by the agency; compensatory damages; and any additional relief deemed appropriate by the Court. Id. ¶ 6.

As grounds for his motion which is the subject of this opinion, defendant first contends that this Court lacks subject matter jurisdiction over plaintiff's Equal Pay Act claims because, as plaintiff seeks in excess of $10,000 from the BBG, which is a governmental entity, exclusive jurisdiction of this claim is vested in the Federal Court of Claims. Def.'s Mem. at 7. Next, defendant argues that the Court lacks jurisdiction over plaintiff's Title VII claims because plaintiff failed to exhaust her administrative remedies by timely contacting an Equal Employment Opportunity ("EEO") counselor about her claims. Id. at 11. In opposition[2], plaintiff first argues that this Court

[2]Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment consists of only four pages. Additional arguments are contained in plaintiff's affidavit and an unsigned statement of opposing facts that was also submitted by plaintiff but not signed by her.

has jurisdiction over her Equal Pay Act Claim because such jurisdiction is conferred upon the Court pursuant to 29 U.S.C. § 216(b). Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Pl.'s Opp'n") at 2. Second, plaintiff argues that she properly exhausted her administrative remedies because her Title VII claims were timely filed pursuant to the continuing violation theory, as "each paycheck is a continuing violation of a protected right." Id. Furthermore, plaintiff argues that the evidence she has produced establishes that the defendant "'engaged in a systematic policy of discrimination,'" which also supports her continuing violation theory. Id. at 2-3 (citation omitted).

## II. Analysis

### A. Standard of Review

Defendant seeks dismissal of plaintiff's Equal Pay Act and Title VII claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a complaint if the Court "lack[s] jurisdiction over the subject matter . . . ." Pursuant to this rule, "the plaintiff bears the burden of establishing that the court has jurisdiction." Fowler v. District of Columbia, 122 F. Supp. 2d 37, 39-40 (D.D.C. 2000) (citation omitted). The rule also imposes "an affirmative obligation [on the Court] to ensure that it is acting within the scope of its jurisdictional authority . .

. [and for that] reason, the '[p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than on a 12(b)(6) motion for failure to state a claim." Id. at 40 (citations omitted). In addition, the Court may consider matters outside the pleadings to assure itself that it in fact has jurisdiction over this case. Id.

Defendant has also, in the alternative, moved for summary judgment. Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The entry of summary judgment is appropriate after there has been an "adequate time for discovery . . . [and the] party [against whom the motion has been filed] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**B. Plaintiff's Equal Pay Claim**

The Equal Pay Act "'prohibits payment of unequal wages for

equal work on grounds of sex[.]'" De Leon v. England, No. Civ.A. 02-473, 2003 WL 21767504, at *2 (D.D.C. Feb. 20, 2003) (quoting Thompson v. Sawyer, 678 F.2d 257, 263 (D.C. Cir. 1982)). Plaintiff argues that 29 U.S.C. § 216(b) provides this Court with jurisdiction over plaintiff's EPA claims. Pl.'s Opp'n at 2. 29 U.S.C. § 216(b) provides that an employee suffering a violation of 29 U.S.C. § 206 may file an action against his or her employer "in any Federal or State court of competent jurisdiction . . . ." (emphasis added). However, it is well established that "[c]laims brought pursuant to the Equal Pay Act must satisfy the jurisdictional requirements of the Tucker Act, 28 U.S.C. § 1491." De Leon, 2003 WL 21767504, at *2 (citations omitted). Significantly, 28 U.S.C. § 1346(a)(2), which is "commonly referred to as the 'Little Tucker Act,' expressly limits the jurisdiction of this Court to any non-tort civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any act of Congress." Id. (citing 28 U.S.C. § 1346(a)(2); Doe v. Dep't of Justice, 753 F.2d 1092, 1101 (D.C. Cir. 1985)).[3]

Thus, the key issue in determining whether this Court has jurisdiction over plaintiff's EPA claim is whether plaintiff's claim exceeds $10,000. Plaintiff has not asserted a claim for a

[3]Conversely, the Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States . . . ." 28 U.S.C. § 1491(a)(1).

sum certain in her complaint, however, defendant contends that the Court may infer that plaintiff's claim exceeds $10,000 as she alleges that "since 1997, she has been paid less than . . . Maniscalco (currently a GS-13, Step 9 [employee]) . . . ." Def.'s Mem. at 9. This inference can be made, defendant opines, because "[i]t is undisputed that the difference between a GS-12 and a GS-13 salary, for the years 1997 to the present, is approximately $10,000 per year." Id.; see also Def.'s Mot., Exhibit ("Ex.") D (Declaration of James Carson Cooper, Human Resources Specialist at BBG dated February 6, 2002) ("Cooper Decl."), ¶ 11 and Attachments 5 - 10 (Federal Salary Tables for years 1997 - 2002). As is apparent from the defendant's submissions, the pay disparity between plaintiff's and Maniscalco's salary for 1997 alone exceeds $10,000. Cooper Decl., Attach. 5 (noting salary for plaintiff's position, GS 12-8 was $56,661 and salary for Maniscalco's position, GS 13-9, was $69,196, in 1997).

Furthermore, plaintiff has not provided any argument or evidence showing that her claims do not amount to at least $10,000, and thus seemingly concedes defendant's position that her claims exceed that amount. See, e.g., Day v. Dep't of Consumer & Regulatory Affairs, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as

conceded.") (citation omitted); Bancoult v. McNamara, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") (citations omitted). Accordingly, the Court concludes that plaintiff's EPA claim should be dismissed as jurisdiction lies solely in the Court of Federal Claims. See Weber v. Hurtgen, 297 F. Supp. 2d 58, 62 (D.D.C. 2003) ("In light of [plaintiff's] damages [for compensatory and back pay losses, which amounted to more than $10,000] the Court lack[ed] jurisdiction and transfer[red] the EPA claim to the Court of Federal Claims.") (citation omitted); De Leon, 2003 WL 21767504, at *2 (transferring plaintiff's EPA claims to Court of Federal Claims, "the only court in which the claim could have been properly brought).[4]

**C. Plaintiff's Title VII claims**

Regarding plaintiff's Title VII's claims, defendant argues that these claims are subject to dismissal because plaintiff has not complied with Title VII's requirement that an EEO officer be advised about the claims within 45 days of the discriminatory

[4]While transfer of this case to the Court of Federal Claims would be appropriate, neither party in this case has requested transfer to that Court. However, if plaintiff desires the Court to transfer her EPA claim to the Court of Federal Claims, she shall so advise the Court within thirty days of the issuance of this opinion and the Court will re-open this case and transfer this matter accordingly.

action. Def.'s Mem. at 11 (citing 29 C.F.R. § 1614.105(a)(1)). Plaintiff first sought EEO counseling on February 25, 2000, long after the actions she complains about.[5] See Def.'s Mem. at 11; Def.'s Mot., Ex. A (Deposition of Kathleen Schrader dated October 11, 2001) ("Schrader Dep.") at 40. In opposition, plaintiff contends that she is pursuing her claims pursuant to the continuing violation theory, and because the defendant has "'engaged in a systematic policy of discrimination[,]'" the Court should conclude that her claims have been timely filed. Pl.'s Opp'n at 2. Specifically, as it pertains to the alleged disparity in her pay, plaintiff states that "each paycheck is a continuing violation of a protected right[,]" id. (citation omitted), and she is presumably arguing that since she received less pay than one of her male counterparts within 45 days of reporting her discrimination claims to an EEO counselor, she satisfied the 45-day notification requirement.

A Title VII plaintiff must exhaust her administrative remedies prior to filing a lawsuit in federal court. Brown v. General Services Admin., 425 U.S. 820, 823-33 (1976). Federal employees are required, as a prerequisite to filing a Title VII suit, to

[5]The lowered performance evaluation occurred in 1991; plaintiff's failure to obtain QSIs occurred in 1993-94, although she notes that from 1990-97, male counterparts routinely received QSIs; in February, 1998 a male was chosen to be a Lead Technician; in October 1998, two males were detailed to work on the "This Week" program; and plaintiff has been paid less than Maniscalco, in violation of the EPA. Def.'s Mem. at 11 (citing Schrader Dep. at 30-31; 38, 40, 47, 55, 63, 66, 108-110, 130).

contact an EEO counselor within 45 days after the alleged discriminatory event. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.105(a)(1).[6] Contact with an EEO counselor is a prerequisite to filing a lawsuit "to ensure that discrimination claims first undergo conciliation attempts at the agency level." Acklin v. Nat'l Gallery of Art Bd. of Trustees, No. Civ.A. 85-4041, 1986 WL 15790, at *3 (D.D.C. May 2, 1986) (citations omitted). "[T]he plaintiff who fails to comply, to the letter, with administrative deadlines 'ordinarily will be denied a judicial audience.'" Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) (citation omitted).

Plaintiff relies on the continuing violation theory as the basis for salvaging her untimely filed claims. A continuing violation exists "[w]here the discriminatory practice is continuing in nature." Gary v. Washington Metro. Area Transit Auth., 886 F. Supp. 78, 89 (D.D.C. 1995). In cases of continuing discriminatory violations, "the required time periods for filing administrative complaints should run 'from the last occurrence of the discrimination and not from the first occurrence.'" Id. (citing 118 Cong. Rec. 7167 (1972) (conference report)). To adequately allege a continuing violation, plaintiff "must show

[6] 29 C.F.R. § 1614.105(a)(1) provides: "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

that at least one adverse employment action occurred within the [45-day limitations] period" that was related to the claims falling outside the filing period. Id. "Specific, unrelated incidents of discrimination do not constitute a continuing violation." Id. Moreover, the District of Columbia Circuit has clearly held that a plaintiff may not rely on the continuing violation theory where she was aware of the discriminatory conduct at the time it occurred. See Taylor v. Federal Deposit Ins. Corp., 132 F.3d 753, 765 (D.C. Cir. 1997) ("[f]or statute of limitations purposes, a continuing violation is 'one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period[]'") (citation omitted); see also Albritton v. Kantor, 944 F. Supp. 966, 971 (D.D.C. 1996)("[i]f the employee could not perceive discrimination until a series of acts occurred, then the employee should be able to plead the earlier, [otherwise] time-barred claim") (citing Berry, 715 F.2d at 981; Sheppard v. Adams, 670 F. Supp. 22, 25 (D.D.C. 1987)).

Here, defendant has demonstrated that plaintiff had knowledge of the alleged discriminatory practices being carried out by the defendant long before February 2000, when she first initiated contact with an EEO Counselor, because it is apparent from plaintiff's own testimony that she was aware she was the victim

of discrimination as early as 1994, and certainly by 1998, two full years before she sought EEO counseling. Regarding the fact that she did not receive a QSI in 1994, plaintiff testified that she knew that males had received QSIs, although she did not complain at that time. Def.'s Mot., Ex. A (Schrader Dep.) at 47; see also id. at 56 (In response to the question, "So you knew in 1994 that you were - you had been discriminated against, based on your allegations in paragraph (c)?," plaintiff responded "Yes."). Furthermore, plaintiff testified that in 1998, when she did not receive the position as Lead Technician, she was aware she was being discriminated against. Id. at 63-64. Clearly, the continuing violation theory is not available to plaintiff as to these claims when she had reason to know of the discrimination, at the latest, in 1998, and did not initiate contact with a counselor until approximately two years later. See Taylor, 132 F.3d at 765 (holding that plaintiffs did not establish a continuing violation where the alleged retaliatory action, according to plaintiffs, "amply manifested itself as a possible retaliation from the start"); Kilpatrick v. Riley, 98 F. Supp. 2d 9, 18 (D.D.C. 2000) (holding that continuing violation theory did not apply to plaintiff's discrimination claim, which occurred in 1980, where plaintiff filed an EEO complaint in 1991 and, according to plaintiff's own factual account, by 1980 he already believed that his employer systematically discriminated against

non-white employees); Rendon v. District of Columbia, No.CIV.A.85-3899, 1986 WL 15446, at *3 (D.D.C. Nov. 19, 1986) (holding that plaintiff's claims of race discrimination that she knew or had reason to know about and that were not timely filed with the EEOC were barred from consideration by the Court).

As already noted, plaintiff seems to be arguing that her EPA claim invokes the continuing violation theory, and because she and Maniscalco presumably received disparate paychecks within 45 days of her EEO counselor contact, all of her discrimination claims are salvaged. Pl.'s Opp'n at 2-4. Plaintiff cites Bazemore v. Evans, 478 U.S. 395, 396 (1986), as support for this position, however, that case is distinguishable from the present case. There, the Supreme Court found that the plaintiffs had established that there had been a pattern of discrimination, as evidenced by the disparity in pay between blacks and whites, that had begun prior to Title VII's applicability to the defendant employer and continued thereafter. Id. Thus, in regards to the plaintiffs' rights to recover for these pay disparities, the Court held:

> Each week's paycheck that delivers less to a black than to a similarly situated white is a wrong actionable under Title VII, regardless of the fact that this pattern was begun prior to the effective date of Title VII.

Id. at 395-96.

However, Bazemore concerned a pattern of disparate payment of

wages to black employees as compared to white employees, id. at 395, whereas here, plaintiff's complaint concerns one employee - Maniscalco. See Affidavit of Kathleen Schrader dated March 5, 2002 ("Schrader Aff.") at 2 ("From approximately October 1997 to the present, I am paid at a lower rate (GS-12) than Richard Maniscalco (GS[-]13) for doing equal work."). Thus, plaintiff's EPA claim can be construed as a complaint about not being promoted to a GS-13 position and not receiving GS-13 pay, in light of the fact that she was allegedly doing the same work as a GS-13 employee. In Williams v. Munoz, 106 F. Supp. 2d 40 (D.D.C. 2000), the Court rejected plaintiff's reliance on Bazemore and held that the continuing violation theory was not applicable to her claim of discrimination. There, the plaintiff argued that she was paid less than a comparable male employee, and "each paycheck she received was one of a series of related acts, each one an additional violation, because each was for less than she would have been paid had she been promoted." Id. at 42-43. The Williams Court noted that the Supreme Court in Bazemore "limited [its] holding to the facts before it, which were quite different from the facts of this case." Id. at 43 (citation omitted). The Williams Court held that the crux of plaintiff's claim was the failure to promote because, "[i]f the amount of [plaintiff's] paychecks was too little each month, it was in consequence of the failure to promote, not an individual violation. As [plaintiff]

has alleged no acts occurring within the statutory period, [she] has not established a continuing violation." Id. The Court finds the Williams Court's reasoning persuasive here. Plaintiff has not established a pattern or system of discrimination against women generally; rather, the only premise she has established is that she was being paid less than Maniscalco, not that females in general were paid less than men. See Compl. ¶ 6(b) (stating that plaintiff seeks "promotion to the positions she is entitled to[;]"); Schrader Aff. at 4 ("For relief, I am seeking to be made whole by means of a promotion to grade 13 retroactive to the date that the others doing the same work were receiving higher pay . . . .").

However, the Court need not base its decision on this argument because, as argued by defendant in its summary judgment papers, plaintiff has failed to establish that she and Maniscalco were similarly situated and thus should have been paid the same wages, a requirement for a prima facie Title VII allegation. To rely on the continuing violation theory as the basis for reviving stale claims, the timely filed claim must itself be a viable Title VII claim. See Gary, 886 F. Supp. at 90 (granting summary judgment to the defendant on plaintiff's retaliation claims because "[o]nly two retaliatory incidents alleged by [p]laintiff [fell] within the 180 day charge-filing period and these two incidents fail[ed] to constitute actionable retaliation . . . . Given that

there are no meritorious timely-failed claims, [p]laintiff cannot rely on the continuing violation theory to save her remote retaliation claims."). In this case plaintiff has failed to establish that her timely filed claim establishes a prima facie case of disparate treatment in that "all relevant aspects of [her] employment situation were 'nearly identical' to those . . . ." of Maniscalco. Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d 1507, 1514 (D.C. Cir. 1995) (citation omitted). The only evidence plaintiff has put forth in support of her argument that she and Maniscalco were similarly situated is a conversation she had with another employee, a Ms. Mitchell, wherein plaintiff stated to Mitchell that Maniscalco was "an Avid editor, just like . . . ." she was. Schrader Aff. at 2.[7] This is not sufficient to defeat a motion for summary judgment, particularly in light of the defendant's evidence that demonstrates that Maniscalco had been a GS-13 employee with OCB since 1991, was reassigned as a result of a RIF to Worldnet, and was, pursuant to the RIF procedures, guaranteed the right to remain at the GS-13 level because that was his level prior to the RIF. See Def.'s Mem. at 38. And, notably, plaintiff has refused to perform a desk audit,

[7]Plaintiff has also submitted an unsigned statement, in which she takes exception to the material facts identified by the defendant and gives her personal account of the facts. This unsworn statement by plaintiff is also insufficient to defeat a motion for summary judgment. See Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge . . . and show competently that the affiant is competent to testify to the matters stated therein. . . .). In any event, nothing in plaintiff's statement establishes that she and Maniscalco are similarly situated in all significant respects.

which conceivably could result in a promotion to a GS-13 position. Id. at 39. Thus, she has not made out a prima facie case of discrimination concerning the salary she has received. See Barbour v. Browner, 181 F.3d 1342, 1345-46 (D.C. Cir. 1999) (reversing jury's verdict in favor of plaintiff employee in Title VII action as the plaintiff failed to establish that she was similarly situated to another employee she argued was treated more favorably because the comparator employee had duties "more numerous and weighty" than the plaintiff's and the other employee had agreed to perform a desk audit to demonstrate that she performed at a GS-13 level, which the plaintiff refused to do). In addition, plaintiff has failed to refute the defendant's legitimate explanation for the pay differential between herself and Maniscalco - namely, that Maniscalco had different required duties than plaintiff. Id. at 36. Indeed, plaintiff testified to that fact at her deposition. See Def.'s Mot., Ex. A (Schrader Dep.) at 141-142. Accordingly, the Court concludes that defendant is entitled to summary judgment on plaintiff's claim that she was paid unequal pay as she has failed to establish that she and Maniscalco were similarly situated and thus entitled to be paid the same wages. It therefore cannot act as the trigger for invoking the continuing violation theory, and because the Court has concluded that plaintiff's other allegations were not timely filed, plaintiff has failed to allege a basis for denying

the defendant's motion.

**SO ORDERED** on this 30th day of March, 2004.[8]

REGGIE B. WALTON
United States District Judge

[8]An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATHLEEN M. SCHRADER,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH Y. TOMLINSON[1], Chairman, Broadcasting Board of Governors,<br><br>Defendant. | **Civil Action No. 00-2804 (RBW)** |

**ORDER**

In accordance with the Court's Memorandum Opinion that is being issued contemporaneously with the issuance of this Order, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [#21] is granted. It is further

**ORDERED** that plaintiff's Equal Pay Claim is dismissed without prejudice for lack of subject matter jurisdiction.[2] It is further

**ORDERED** that plaintiff's Title VII non-wages claims are dismissed due to plaintiff's failure to exhaust her

[1]Pursuant to Fed. R. Civ. P. 25(d), Mr. Tomlinson has been substituted as the named defendant in this action.

[2]If plaintiff desires to have this claim transferred to the Court of Federal Claims, she must so advise the Court within thirty days of the issuance of this Memorandum Opinion.

(

administrative remedies. It is further

**ORDERED** that defendant is granted summary judgment as it pertains to plaintiff's Title VII wags claim. It is further

**ORDERED** that except for plaintiff's Equal Pay Claim, all of her other claims are dismissed with prejudice.

**SO ORDERED** on this 30th day of March, 2004.

REGGIE B. WALTON
United States District Judge