IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KATHLEEN M. SCHRADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-00384C |
| v. | ) | (Judge Christine O.C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Defendant, the United States, respectfully submits this reply to plaintiff's November 20, 2006 opposition to its October 2, 2006 motion to dismiss the complaint for lack of subject matter jurisdiction.

In our motion, we demonstrated that the Court does not possess subject matter jurisdiction to entertain plaintiff's Equal Pay Act claim and that plaintiff's claim further is barred by the doctrine of res judicata. In the alternative, we requested that the Court dismiss those portions of plaintiff's Equal Pay Act claim which accrued prior to November 21, 1997 as barred by the statute of limitations and dismiss those portions of the complaint seeking relief pursuant to Title VII of the Civil Rights Act of 1964 for lack of subject matter jurisdiction.

Plaintiff, Kathleen M. Schrader, concedes that the Court does not possess jurisdiction to entertain allegations that involve Title VII of the Civil Rights Act of 1964, and that "some of the claims for equal pay are time barred." Pl. Opp. at ¶ 1. Ms. Schrader argues that the Court possesses jurisdiction to entertain her Equal Pay Act claim for two reasons: (1) the United States District Court for the District of Columbia certified the Equal Pay Act claim to this Court for adjudication only after dismissing the action before it; and (2) equitable reasons justify allowing

the case to proceed. Ms. Schrader does not address our argument, in the alternative, that res judicata bars her claim.

As we demonstrate below, neither of Ms. Schrader's arguments is availing. Ms. Schrader's opposition fails to address the critical issue—the relationship between 28 U.S.C. § 1500, which divests this Court of jurisdiction to entertain claims filed simultaneously in a Federal district court, and the transfer statute, 28 U.S.C. § 1631, which deems an action "filed" as of the date of filing in the transferor court, not at the time of transfer.

## ARGUMENT

### I. Pursuant to The Transfer Statute, Ms. Schrader's Equal Pay Act Claim Was Filed Simultaneously In This And The District Court, Divesting This Court Of Jurisdiction Pursuant To 28 U.S.C. § 1500

#### A. Ms. Schrader Fails To Address The Effect Of The Transfer Statute Upon The Filing Date Of Her Claim

As demonstrated in our motion, 28 U.S.C. § 1500 deprives this Court of "jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States. . . ." As further demonstrated in our motion, this Court must conduct a two-prong inquiry when determining whether § 1500 bars jurisdiction over a particular claim, analyzing "(1) whether a claim in this court is pending at the same time as a claim in another court, and (2) whether the claims are essentially the 'same claims' because [they] arise out of the same operative facts and seek the same relief." De Leon v. United States, 69 Fed. Cl. 336, 339 (2005) (citing Harbuck v. United States, 378 F.3d 1324, 1328-29 (Fed. Cir. 2004)).

Ms. Schrader concedes the second part of the § 1500 analysis, acknowledging that the Equal Pay Act claim currently before this Court is the same claim that was before the district

court. See Pl. Opp. at ¶ 3. With respect to the first part of the § 1500 analysis, Ms. Schrader agrees that "there cannot be two cases pending at the same time in the separate courts." Pl. Opp. at ¶ 2 (citing Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003) aff'd, 378 F.3d at 1324; Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc); Keene Corp. v. United States, 508 U.S. 200 (1993)). Ms. Schrader then attempts to demonstrate that her claim never was "pending" before more than one court because the district court dismissed her action before ordering her Equal Pay Act claim transferred to this Court. Pl. Opp. at ¶ 3. This factual distinction is not determinative.

Ms. Schrader's argument ignores the effect of the transfer statute upon the § 1500 analysis. The transfer statute states that, when a court transfers an action after finding that it does not possess jurisdiction to entertain it, the transferred "action . . . shall proceed as if it had been filed in . . . the court to which it was transferred on the date upon which it was actually filed in . . . the court from which it is transferred." 28 U.S.C. § 1631 (quoted in United States v. County of Cook, 170 F.3d 1084, 1087 (Fed. Cir. 1999)). This Court has held "that the 'filing' of the same claim simultaneously in district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." County of Cook, 170 F.3d at 1091; see also Harbuck, 378 F.3d at 1328 ("The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed. . . ." (quoting Loveladies Harbor, 27 F.3d at 1548)). Thus, as demonstrated in our motion, Ms. Schrader's Equal Pay Act claim, which was transferred pursuant to 28 U.S.C. § 1631, is deemed filed as of the date on which she filed her district court claim—November 21, 2000. Even though her Title VII claims no longer were pending before

the district court at the time of transfer, the timing relevant to the § 1500 analysis is the time of filing. See Keene Corp., 508 U.S. at 207. Accordingly, this Court does not possess jurisdiction to entertain Ms. Schrader's Equal Pay Act claim.

### B. This Court May Not Exercise Jurisdiction Upon The Basis Of Equitable Considerations Alone

Having been the subject of motions to dismiss in both the district court and this Court, Ms. Schrader requests that the Court exercise jurisdiction upon the basis of equitable considerations. See Pl. Opp. at ¶ 4. Because "[c]ourts created by statute can have no jurisdiction but such as the statute confers . . . a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists. . . ." Christianson v. Colt Indus. Operations Corp., 486 U.S. 800, 817-18 (1988). Pursuant to this "age-old rule," the Court "cannot, because of an actual or perceived inequity, create subject matter jurisdiction where Congress has forbidden its exercise." Sodexho Marriott Mgmt., Inc. v. United States, 61 Fed. Cl. 229, 239 (2004). Once a lack of jurisdiction is determined, the only remaining action that the Court can take is to dismiss the action. Carlson v. Green, 446 U.S. 14, 26 (1980) (citing Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514-15 (1869)). "Equitable considerations are altogether irrelevant. . . ." Sodexho, 61 Fed. Cl. at 239.

## II. Ms. Schrader Fails To Address The Issue Of Res Judicata

Ms. Schrader's opposition fails to address our remaining argument in the alternative that Ms. Schrader's claim is barred by the doctrine of res judicata. As demonstrated in our motion, Ms. Schrader's Title VII claims in district court (1) involved identical parties or parties in privity; (2) proceeded to a final judgment on the merits; and (3) were based upon the same set of transactional facts. See Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003).

Ms. Schrader's Title VII complaint, with just two exceptions,[1] is identical to the complaint filed in this Court. Because there was a final judgment on the merits in the District of Columbia, Ms. Schrader's complaint in this Court is barred by the doctrine of res judicata.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Todd M. Hughes/
by Bryant G. Snee
TODD M. HUGHES
Assistant Director

s/Allison Kidd-Miller
ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 305-3020
Fax: (202) 307-0972

OF COUNSEL:

ELIZABETH A. PARISH
Assistant General Counsel
Broadcasting Board of Governors
330 Independence Avenue, S.W.
Washington, D.C. 20237
Tel: (202) 203-4579
Fax: (202) 203-4585

December 7, 2006

Attorneys for Defendant

[1] Before filing her complaint in this Court, Ms. Schrader changed the title of Count One from "Employment Discrimination" to "Violation of the Equal Pay Act," and removed Title VII from the list of applicable jurisdictional statutes. Compare Compl. at 1 with A 1 (filed with Defendant's Motion To Dismiss).

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 7th day of December, 2006, a copy of the foregoing "Defendant's Reply To Plaintiff's Opposition To Motion To Dismiss Complaint" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Allison Kidd-Miller