# In the United States Court of Federal Claims

No. 06-384C
(Filed Jan. 22, 2007)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **KATHLEEN M. SCHRADER,** | * | Civilian pay; Equal Pay Act, 29 |
| | * | U.S.C. § 206(d) (2000); statute of |
| Plaintiff, | * | limitations, 29 U.S.C. § 255(a) |
| | * | (2000); transfer pursuant to 28 |
| v. | * | U.S.C. § 1631 (2000); 28 U.S.C. |
| | * | § 1500 (2000); res judicata. |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

Sol Z. Rosen, Washington, DC, for plaintiff.

Allison Kidd-Miller, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

**MILLER**, Judge.

This case is before the court after briefing on defendant's motion to dismiss pursuant to RCFC 12(b)(1). Defendant argues that plaintiff's claims (1) do not fall within the jurisdiction of the United States Court of Federal Claims due to the operation of 28 U.S.C. § 1500 (2000); (2) are barred by the doctrine of res judicata; and (3) are barred by the statute of limitations. Argument is deemed unnecessary.

## PROCEDURAL HISTORY

Kathleen M. Schrader ("plaintiff") filed a Complaint for "Employment Discrimination" in the United States District Court for the District of Columbia, Schrader v. Tomlinson, Civ. Act. No.

00-2804 (D.D.C. 2004) 1/ , alleging jurisdiction pursuant to "42 U.S.C. § 2000(e) et seq. The Civil Rights Act of 1964 as amended and the Equal [P]ay Act, 29 U.S.C. 206." Compl. ¶ 1, Schrader v. Nathanson, Civ. Act. No. 00-2804. The nominal defendant was "the Chairman of the Broadcasting Board of Governors ("BBG"), which 'is the federal entity that oversees the International Broadcasting Bureau ("IBB"), [and] is comprised of Worldnet Television and Film Service ("Wordlnet") [sic], Voice of America ("VOA"), and the Office of Cuba Broadcasting ("OCB").'" Schrader v. Tomlinson, Civ. Act. No. 00-2804, slip op. at 2 (D.D.C. Mar. 30, 2004) (quoting Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment). Plaintiff asserted that she had been "the subject of a continuing pattern of employment discrimination based upon her gender" by highlighting eight specific instances of discriminatory treatment. Compl. ¶ 2, Schrader v. Nathanson, Civ. Act. No. 00-2804. Plaintiff demanded relief from the federal district court in the form of back pay, equal pay, compensatory damages, promotion, and an order banning defendant from taking retaliatory action.

The named defendant responded with a motion to dismiss or, in the alternative, summary judgment. On March 30, 2004, Judge Reggie B. Walton granted defendant's motion for summary judgment regarding plaintiff's Title VII claims and granted defendant's motion for dismissal regarding plaintiff's Equal Pay Act claim, holding that "plaintiff's [Equal Pay Act] claim should be dismissed as jurisdiction lies solely in the Court of Federal Claims." Schrader v. Tomlinson, Civ. Act. No. 00-2804, slip op. at 8 (order granting motion for summary judgment). Judge Walton transferred plaintiff's claim under the Equal Pay Act, 29 U.S.C. § 206(d) (2000), to the United States Court of Federal Claims pursuant to an order entered on January 23, 2006. Schrader v. Tomlinson, Civ. Act. No. 00-2804 (D.D.C. Jan. 23, 2006) (order transferring remaining Equal Pay Act claim). See 28 U.S.C. § 1631 (2000). Plaintiff's claim was transferred to the Court of Federal Claims on May 11, 2006.

Plaintiff filed her Amended Complaint in the United States Court of Federal Claims on June 2, 2006. The Amended Complaint alleges violation of the Equal Pay Act, 29 U.S.C. § 206 (2000), asserting that she "has been the subject of a continuing pattern of employment discrimination based upon her gender." Am. Compl. ¶ 2. Plaintiff alleges eight specific instances of discriminatory treatment that are almost identical to those alleged in her complaint originally filed in federal district court prior to transfer.

Defendant filed its motion to dismiss on October 2, 2006, requesting (1) dismissal of plaintiff's Equal Pay Act claim due to lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500 (2000); (2) dismissal of plaintiff's claims as barred by the doctrine of res judicata; (3) dismissal of plaintiff's Equal Pay Act claims that accrued prior to November 21, 1997, as barred by the statute of limitations; and (4) dismissal of plaintiff's claims for relief pursuant to Title VII of the Civil Rights Act of 1964 for lack of subject matter jurisdiction.

---

1/ Kenneth Y. Tomlinson was substituted for the original named defendant Marc B. Nathanson pursuant to Fed. R. Civ. P. 25(d). See Schrader v. Tomlinson, Civ. Act. No. 00-2804, slip op. at 1 n.1 (D.D.C. Mar. 30, 2004).

## FACTS

The facts recited below are drawn from plaintiff's Amended Complaint, unless otherwise noted. Plaintiff is a female employee of defendant as a "GS 12/8 Broadcast technician in the Video Tape Branch, Technical Operations Directorate, Office of WorldNet Television and Film Services," who was been employed by the Government for twelve years. Am. Compl. ¶ 1.

Plaintiff alleges eight specific instances of discriminatory treatment. She received a performance evaluation rating from her supervisor that later was changed from "outstanding" to "satisfactory" by the reviewing official. She did not receive the same Quality Step Increases her male coworkers received between 1990-97 for special achievements, when their achievements were no greater than her own. She was not given a "within grade award" after learning on her own time how to use a computer editing system called Avid, although she had been chosen in 1994 to be on the team using Avid exclusively, when another male coworker received such an award after learning the Avid program on the job. Her male coworker was chosen as a lead technician in February 1998, when plaintiff was performing work that would have justified similar recognition for her. Two male coworkers were selected in October 1998 to edit a new program entitled "This week," even though plaintiff had more experience than one of the males selected. Plaintiff was paid less than one of her male coworkers, Mr. Maniscalco, even though they perform exactly the same work. She was denied the same cash award that two of her male coworkers received for performance because of her gender. Finally, she was excluded from a Voice of America detail because of her gender, although she was qualified for participation.

Plaintiff requests relief in the form of: (1) full back pay and equal pay; (2) promotion to the position to which she is entitled; (3) a ban on retaliatory conduct; (4) an award of attorney's fees and court costs; (5) compensatory damages as provided by statute; and (6) any additional relief the court deems appropriate.

## DISCUSSION

### 1. Standard of review

Defendant moves to dismiss plaintiff's complaint under RCFC 12(b)(1) for lack of subject matter jurisdiction. When a federal court hears such a jurisdictional challenge, "its task is necessarily a limited one." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. The court must accept as true the facts alleged in the complaint, and must construe such facts in the light most favorable to the pleader. See Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (holding that courts are obligated "to draw all reasonable inferences in plaintiff's favor"). Nevertheless, if the jurisdictional facts alleged in the complaint are disputed, "the . . . court may consider relevant evidence in order to resolve the factual dispute." Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988); Moyer v. United States, 190 F.3d 1314, 1318 (Fed.

Cir. 1999) (holding that "[f]act-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged"). Once the court's subject matter jurisdiction is put into question, it is "incumbent upon [the plaintiff] to come forward with evidence establishing the court's jurisdiction. [The plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." Reynolds, 846 F.2d at 748; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (holding that "[i]f [plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.").

"It long has been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "[I]t has been said, in a Court of Claims context, that a waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Id. (quoting United States v. King, 395 U.S. 1, 4 (1969)). Additionally, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996); see also United States v. Williams, 514 U.S. 527, 531 (1995) ("[B]ecause a waiver of sovereign immunity must be 'unequivocally expressed,' any ambiguity is construed in favor of immunity." (quoting United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992)); United States v. Mitchell, 445 U.S. 535, 538 (1980) ("In the absence of clear congressional consent, then, 'there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States.'" (quoting Sherwood, 312 U.S. at 587-88)).

2. Conceded claims

29 U.S.C. § 255(a) (2000), sets forth the applicable statute of limitations for claims brought under the Equal Pay Act 2/ :

> [I]f the cause of action accrues on or after May 14, 1947--may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

The United States Supreme Court has divided employment discrimination claims into two categories for the purposes of statute of limitations analysis: discrete acts and hostile work

---

2/ 29 U.S.C. § 255 provides that "[a]ny action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.]" is subject to the statute of limitations restrictions set forth in § 255(a).

environment claims. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002). "Hostile environment claims . . . involve[] repeated conduct. . . . [They] occur[] over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own. . . . Such claims are based on the cumulative effect of individual acts." Id.

Defendant has alleged, and plaintiff has conceded, that

> the court lacks jurisdiction over allegations that involve Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) which charges have been decided by the United States District Court for the District of Columbia. The plaintiff also concedes that some of the claims for equal pay are time barred.

Plf.'s Br. filed Nov. 21, 2006, at 1. Therefore, (1) plaintiff's Title VII claims and (2) plaintiff's Equal Pay Act claims that accrued prior to November 21, 1997, are subject to dismissal because they do not come within the jurisdiction of the court.

3. 28 U.S.C. § 1500

28 U.S.C. § 1500 (2000), provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

The United States Court of Appeals for the Federal Circuit has stated that the "purpose [of § 1500] was to 'force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court' and to prevent the United States from having to litigate and defend against the same claim in both courts." Harbuck v. United States, 378 F.3d 1324, 1328 (Fed. Cir. 2004) (quoting UNR Indus. v. United States, 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992) (en banc)); see also Keene v. United States, 508 U.S. 200, 206-07 (1993) (summarizing the legislative history of § 1500).

Application of the jurisdictional limitation contained in "§ 1500 requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." Keene, 508 U.S. at 210. "For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from ***the same operative facts,*** and must seek ***the same relief***." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1551 (Fed. Cir. 1994). "The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action." Id. at 1548.

28 U.S.C. § 1631 (2000) provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

As the Federal Circuit has stated, "This statute permits the transfer not only of the entire case but of separate claims in the action." Harbuck, 378 F.3d at 1328. "[T]he 'filing' of the same claim simultaneously in the district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." United States v. County of Cook, Ill., 170 F.3d 1084, 1091 (Fed. Cir. 1999).

The Federal Circuit noted in County of Cook two situations in which § 1500 would not operate as a jurisdictional bar. First, "§ 1500 is not implicated when *all* of the claims in an action are transferred to the Court of Federal Claims pursuant to § 1631." County of Cook, 170 F.3d at 1091 n.8. Second, "§ 1500 is not implicated when claims based on differing operative facts or seeking differing remedies are filed in district court and a transfer is made of claims properly belonging in the Court of Federal Claims." Id.

Plaintiff's surviving claims are those Equal Pay Act claims that accrued on or after November 21, 1997. These actions include (1) selection of Jack Slomnicki as lead technician in February 1998; (2) selection of Richard Maniscalso and Jack Slomnicki by John Lennon and Michael Rosenbloom in October 1998 for a special detail to edit a new program; (3) plaintiff's receipt of lesser pay for identical work, as compared to Mr. Maniscalco, since November 21, 1997; (4) denial of a cash award for performance in 2000 when male counterparts were given the award as well in 2000; and (5) exclusion from participation in a "VOA detail" due to plaintiff's gender when she was qualified to do so. Am. Compl. ¶¶ 2d)-g).

Defendant argues that 28 U.S.C. § 1500 applies to prevent resolution of Equal Pay Act claims that had been filed originally as Title VII claims. 28 U.S.C. § 1631 provides that the "action or appeal shall proceed as if it had been filed . . . on the date upon which it was actually filed in or noticed for the court from which it is transferred." By virtue of operation of § 1631, plaintiff's Title VII claims were pending at the time the claims were filed in the Court of Federal Claims, which potentially implicates the jurisdictional bar of § 1500.

Because the federal district court transferred only the Equal Pay Act claim to the Court of Federal Claims and entered summary judgment against plaintiff's Title VII claims, Schrader v. Tomlinson, Civ. Act. No. 00-2804, slip op. at 8, the first exception to the application of § 1500 is inapplicable to this case, as only some, not all, of plaintiff's claims were subject to transfer.

Under the two-part analysis adopted by the Federal Circuit in Loveladies Harbor, plaintiff's Title VII claims in the district court "must arise from ***the same operative facts,*** and must seek ***the same relief***." 27 F.3d at 1551. As defendant has noted, "A comparison of [plaintiff's] complaint[s] . . . reveals that, not only do the claims arise from the same operative facts, they allege the same exact facts and seek the same relief." Def.'s Br. filed Oct. 2, 2006, at 13; compare Am. Compl. with Compl., Schrader v. Nathanson, Civ. Act. No. 00-2804. Because plaintiff has alleged in her Amended Complaint filed with the Court of Federal Claims the same operative facts verbatim from the complaint filed with the district court, the first element of the two part test is met. The complaint filed in district court is titled, "Employment Discrimination" and the title of the Amended Complaint filed with the Court of Federal Claims reads, "Violation of the Equal Pay Act," but the invocation of differing legal theories is not a relevant factor to the § 1500 test. See Loveladies Harbor, 27 F.3d at 1551; Vaziburd v. United States, 46 Fed. Cl. 309, 311 (2000).

Similarly, plaintiff has repeated identical requests for relief in her complaint filed with the district court and the Amended Complaint filed in the Court of Federal Claims. Plaintiff requests "[f]ull back pay and equal pay," "promotion to the positions that she is entitled to," "a ban on any retaliatory conduct," "attorney's fees and Court costs," "[c]ompensatory damages as provided by statute," and "[a]ny additional relief the Court deems appropriate" in both of her complaints. Am. Compl. ¶¶ 6a)-f); see Compl., Schrader v. Nathanson, Civ. Act. No. 00-2804, ¶¶ 6a)-f). Plaintiff seeks the same relief in both fora , so the second element of the two part test for a jurisdictional bar pursuant to 28 U.S.C. § 1500 is met. Thus, plaintiff's remaining Equal Pay Act claims are subject to dismissal for want of jurisdiction pursuant to the operation of 28 U.S.C. § 1500.

4. Res judicata

Alternatively, defendant argues that the doctrine of res judicata bars plaintiff's complaint. The United States Supreme Court stated in Nevada v. United States, 463 U.S. 110 (1983):

> Simply put, the doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L. Ed. 195 (1876). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S. Ct. 715, 719, 92 L. Ed. 898 (1948). See Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 375, 378, 60 S. Ct. 317, 319, 320, 84 L. Ed. 329 (1940).

Id. at 129-30; see also Epic Metals Corp. v. H.H. Robertson Co., 870 F.2d 1574, 1576 (Fed. Cir. 1989).

"[B]ecause res judicata can also be used in the sense of any preclusion of litigation arising from a judgment, including collateral estoppel, when discussing the different concepts, courts, including the Ninth Circuit and [the Federal] Circuit, for clarity have substituted the terms 'claim preclusion' and 'issue preclusion.'" Foster v. Hallco Mfg. Co., 947 F.2d 469, 478 (Fed. Cir. 1991). The facts of the instant case relate to claim, rather than issue, preclusion, which the Federal Circuit has defined as occurring "when a judgment is rendered in favor of a party to litigation, the plaintiff may not thereafter maintain another action on the same 'claim,' and defenses that were raised or *could have been* raised by the defendant in that action are extinguished." Foster, 947 F.2d at 478.

Whether a claim is barred by the doctrine of claim preclusion is an issue of law for the court to determine based upon the facts of the case. Faust v. United States, 101 F.3d 675, 677 (Fed. Cir. 1996).

> The doctrine of *res judicata,* in its claim preclusion form, provides that final judgment on a claim extinguishes " 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.' " Young Eng'rs, Inc. v. United States Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed. Cir. 1983) (quoting Restatement (Second) of Judgments § 24 (1982)).

Hornback v. United States, 405 F.3d 999, 1001 (Fed. Cir. 2005); see Container Transport Int'l, Inc. v. United States, 468 F.2d 926, 928-29 (Ct. Cl. 1972). "Claim preclusion serves the public interest by reducing the vexation of multiple lawsuits, conserving judicial resources, and preventing inconsistent decisions." Faust, 101 F.3d at 677. The Federal Circuit has adopted a three-part test regarding the application of res judicata, requiring that "the party asserting the bar must prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003).

The first element of the Ammex test is met, as defendant in the district court action was Chairman Nathanson, the director of the Broadcasting Board of Governors, a federal agency. The defendant in the claim filed with the Court of Federal Claims was the United States. For purposes of res judicata, the United States is in privity with its authorized officials. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

The second element of the Ammex test requires a "final judgment on the merits" in the

first suit. 334 F.3d at 1055. Plaintiff's Title VII claim meets this requirement, as summary judgment was granted in favor of defendant Tomlinson on March 30, 2004. See Schrader v. Tomlinson, Civ. Act. No. 00-2804, slip op. at 8.

The third element of the Ammex test requires basis of the second claim "on the same transactional facts" as the first. 334 F.3d at 1055. As described above, the language of the Amended Complaint filed with the Court of Federal Claims and the complaint filed with the district court contain almost identical language, with the facts recited verbatim. While plaintiff's legal theories differ, "[t]he assertion of different legal theories in a second suit will not defeat application of res judicata." Ness Inv. Corp. v. United States, 595 F.2d 585, 588 n.6 (Ct. Cl. 1979). Plaintiff's claim meets the third and final element of the Ammex test and is therefore subject to preclusion under the doctrine of res judicata.

## CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion to Dismiss is granted. The Clerk of the Court shall dismiss Plaintiff's Amended Complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

No costs.

s/ Christine O.C. Miller

______________________________

**Christine Odell Cook Miller**
Judge